IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY LOUIS JONES, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:19-cv-8017-LSC |
| | ) | (2:15-cr-00145-LSC-TMP-1) |
| | ) | (2:15-cr-00397-LSC-JHE-1) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

**I.  Introduction**

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner Timothy Louis Jones, Jr. ("Jones") on April 17, 2019. (Doc. 1.) Pursuant to § 2255(b) and Rule 4 of the Rules Governing Section 2255 Proceedings, this Court has conducted a preliminary review of the motion and determines that it is due to be denied and this action dismissed.

**II.  Background**

On May 28, 2015, Jones was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in case number 2:15-cr-000145-LSC-TMP-1, stemming out of an incident taking place on or about October

2, 2013. Jones pleaded guilty to that charge, pursuant to a written plea agreement, on November 5, 2015.

On November 30, 2015, Jones was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in case number 2:15-cr-000397-LSC-JHE-1, stemming out of a different incident and arrest that took place on or about March 26, 2015. He also pleaded guilty to that charge, pursuant to a written plea agreement, on January 26, 2016.

This Court conducted Jones's sentencing hearing for both cases on March 8, 2016. For case number 2:15-cr-00145-LSC-TMP-1, Jones was sentenced to a term of imprisonment of 63 months to run consecutive to all other cases. For case number 2:15-cr-00397-LSC-JHE-1, Jones was sentenced to a term of imprisonment of 63 months to run concurrently with Jefferson County, Alabama Court cases CC 15-3086, DC 15-2901, and DC 15-2903 through 15-2905, and to run consecutive to the judgment in case number 2:15-cr-00145-LSC-TMP-1 and all other state court cases.

Judgment was entered on March 9, 2016. Jones did not appeal.

On April 17, 2019, Williams signed his § 2255 motion, which was filed into the record several days later.[1] Jones indicates that he is challenging the convictions

---

[1] The Eleventh Circuit applies the "mailbox rule" to deem a prisoner's § 2255 motion to have been filed upon the "date that he delivered it to prison authorities for mailing,

2

and sentences in both criminal cases. (*See* doc. 1 at 1.) The Clerk has docketed the § 2255 motion in both criminal cases. (*See* doc. 24 in 2:15-cr-00145-LSC-TMP-1 and doc. 19 in 2:15-cr-000397-LSC-JHE-1). Jones complains about the performance of his criminal defense counsel in both cases as well as the fact that his sentences in each case were ordered to run consecutively to, rather than concurrently with, each other. He also asks for additional time to file a supplemental brief in support of his claims.

Jones remains in custody.

### III. Discussion

Jones's § 2255 motion is untimely on its face. The Antiterrorism and Effective Death Penalty Act ("AEDPA") creates a strict one-year limitation for § 2255 petitioners, such that Jones was obligated to file his motion no later than one year after "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A federal criminal judgment that is not appealed becomes final for the purpose of § 2255 when the time for filing a direct appeal expires. *See, e.g., Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Therefore, Jones's convictions became final on March 23, 2016, 14 days after this Court entered judgment. *See* Fed. R. App. P. 4(b)(1)(A). In waiting to file the instant motion until

---

presumptively, . . . the day that he signed it." *Jones v. United States*, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam).

April 2019, Jones has run afoul of the one-year limitation period found in § 2255(f)(1).

The statute provides for alternative triggers for the one-year period where "the movant was prevented from making a motion by . . . government action," where a "right has been newly recognized by the Supreme Court and made retroactively applicable," or where the claim was based on newly-discovered facts. § 2255(f)(2)-(4). Jones has not alleged, and there is no reason to believe, that any of those circumstances are applicable here; therefore, his AEDPA clock commenced running when his judgment of conviction became final.

In sum, relief under § 2255 is not warranted here because Jones's motion is barred by the applicable statute of limitations.

## IV. Conclusion

For the foregoing reason, Jones's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a

showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Jones's claims do not satisfy either standard.

**DONE** AND **ORDERED** ON MAY 6, 2019.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704